**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cr-20382-RUIZ

UNITED STATES OF AMERICA

v.

BRENT JONES,

    Defendant.
_____/

**REPORT AND RECOMMENDATIONS**

    **THIS CAUSE** is before the Court upon Defendant Brent Jones's Motion to Dismiss Indictment Based on the Unconstitutionality of 18 U.S.C. § 922(g). (ECF No. 18). The Government has filed a Response in opposition (ECF No. 25), to which Defendant filed a Reply (ECF No. 32). The matter has been referred to the undersigned United States Magistrate Judge by the Honorable Rodolfo A. Ruiz II, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59, and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 35). A hearing on the Motion was held on March 4, 2024. Having considered the Motion, Response, Reply, the argument advanced at the hearing, the record, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that Defendant's Motion be **DENIED** for the reasons that follow.

**I.    BACKGROUND**

    Defendant is charged in an Indictment issued in the Southern District of Florida with possession of a firearm and ammunition after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1). The Indictment also contains forfeiture

allegations. The trial in this case is presently set for April 22, 2024. (ECF No. 22).

Defendant now moves to dismiss the sole count against him in the Indictment. Defendant asserts that § 922(g)(1) is unconstitutional, on its face and as applied to Defendant, under the Commerce Clause.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b) governs motions to dismiss an indictment. Fed. R. Crim. P. 12(b). "[A] defendant may challenge an indictment on a variety of . . . grounds, including [for] failure to state an offense, lack of jurisdiction, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct." *United States v. Kaley*, 677 F.3d 1316, 1326 (11th Cir. 2012). Motions attacking a defect in instituting the prosecution or in the indictment itself, among other bases, must be made prior to trial. Fed. R. Crim. P. 12(b)(3). While an indictment may be dismissed where there is an infirmity of law in the prosecution, a court may not dismiss an indictment on a "determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). "The sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992).

## III.   DISCUSSION[1]

Under 18 U.S.C. § 922(g)(1), Congress has declared that:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

---

[1] In its Response, the Government originally argued that Defendant's Motion was untimely. At the hearing, the Government withdrew that argument.

Defendant argues that § 922(g)(1) is unconstitutional on its face and as applied to Defendant. Regarding Defendant's facial challenge, Defendant argues Congress exceeded its power under the Commerce Clause in enacting § 922(g). Defendant asserts that a statutory element requiring a minimal nexus to interstate commerce, as required by § 922(g), is not sufficient to demonstrate that an activity substantially affects interstate commerce.

As Defendant notes in his Motion, Defendant's position is in opposition to binding Eleventh Circuit precedent. The Eleventh Circuit has "repeatedly upheld § 922(g)(1) as a facially constitutional exercise of Congress's power under the Commerce Clause because 'it contains an express jurisdictional requirement.'" *United States v. Bonet*, 737 F. App'x 988 (11th Cir. 2018); *see United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010); *United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996). "[T]he jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [Defendant's] facial constitutional attack." *Scott*, 263 F.3d at 1273.

Regarding Defendant's as-applied challenge, Defendant maintains, even accepting the Government's allegations in the Indictment as true, that § 922(g) is unconstitutional as applied to purely intrastate possession of a firearm that does not substantially affect interstate commerce. "Under binding circuit precedent, however, '§ 922(g) only requires that the government prove some minimal nexus to interstate commerce, which it may accomplish by demonstrating that the firearm possessed traveled in interstate commerce.'" *Bonet*, 737 F. App'x at 989 (alterations omitted). Here, the Government proffered at the hearing that the firearm involved was manufactured outside of Florida, the state in which the offense took place. This proffer was not

3

disputed by Defendant. "Thus, the firearm[] necessarily traveled in interstate commerce and therefore satisfied the minimal nexus requirement." *Wright*, 607 F.3d at 716.

## IV. RECOMMENDATIONS

Because Defendant's challenges to the constitutionality of the statute are foreclosed by controlling precedent, the undersigned respectfully **RECOMMENDS** that Defendant Brent Jones's Motion to Dismiss (ECF No. 18) be **DENIED**.

The Parties will have **FOURTEEN (14) DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 5th day of March, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Rodolfo A. Ruiz II
Counsel of Record