UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20382-CR-DAMIAN/LOUIS

UNITED STATES OF AMERICA,

v.

BRENT MICHAEL JONES,

    Defendant.
_____/

ORDER ADOPTING AND AFFIRMING
REPORT AND RECOMMENDATIONS [ECF NO. 40]
AND DENYING MOTION TO DISMISS INDICTMENT [ECF NO. 18]

**THIS CAUSE** came before the Court on Defendant, Brent Michael Jones's ("Jones"), Objections [ECF No. 50] to Magistrate Judge Lauren F. Louis's Report and Recommendations [ECF No. 40 ("Report")], in which Judge Louis recommends that Jones's Motion to Dismiss Indictment Based on the Unconstitutionality of 18 U.S.C. § 922(g) [ECF No. 18] be denied.

THE COURT has carefully reviewed the Report, the Objections and Response thereto [ECF No. 57], the pertinent portions of the record, and applicable law and is otherwise fully advised.

On January 12, 2024, Jones filed a Motion to Dismiss Indictment Based on the Unconstitutionality of 18 U.S.C. § 922(g) [ECF No. 18 ("Motion to Dismiss")]. In the Motion to Dismiss, Jones argues that 18 U.S.C. § 922(g) is unconstitutional on its face and as applied to him on grounds Congress exceeded its power under the Commerce Clause in enacting § 922(g) and because the statute does not require activity that substantially affects interstate

commerce. *See generally* Motion to Dismiss. The Motion to Dismiss was referred to Magistrate Judge Louis pursuant to 28 U.S.C. § 636(b)(1). [ECF No. 35].

In the Report, Judge Louis recommends the Court deny the Motion to Dismiss as to the facial challenge based on controlling Eleventh Circuit authority in which the Eleventh Circuit has "repeatedly upheld § 922(g)(1) as a facially constitutional exercise of Congress's power under the Commerce Clause because 'it contains an express jurisdictional requirement.'" Report at 3 (citing *United States v. Bonet*, 737 F. App'x 988 (11th Cir. 2018); *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010); *United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996)). Judge Louis further recommends the Court deny the Motion to Dismiss as to the as-applied challenge because the Government proffered at the hearing that the firearm at issue traveled in interstate commerce in satisfaction of the minimal nexus requirement of the statute, and Jones did not dispute the Government's proffer in this regard. *Id*. at 3–4 (citing *Bonet*, 737 F. App'x at 989; *Wright*, 607 F.3d at 716).

In his Objections to the Report, Jones argues that the Court should reject the Report and grant the Motion to Dismiss. [ECF No. 50]. However, Jones fails to provide any basis upon which this Court can or should ignore controlling Eleventh Circuit authority. Jones recognizes the authority cited in the Magistrate Judge's Report is binding, and, consequently, Jones primarily seeks to "preserve these claims for further review." *Id*. at 2. Jones does not contend the Magistrate Judge applied the law incorrectly or erred in her factual findings.

The Court has conducted an independent and *de novo* review of the entire record and is in full agreement with Judge Louis's comprehensive analysis and recommendations. The Court therefore finds the Motion to Dismiss should be denied.

Accordingly, for the reasons stated above, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 40]** is **AFFIRMED AND ADOPTED**, Defendant Jones's Objections **[ECF No. 50]** are **OVERRULED**, and the Motion to Dismiss **[ECF No. 18]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 23rd day of May, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record