UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  23-CR-20382-DAMIAN/Louis

UNITED STATES OF AMERICA,

v.

BRENT MICHAEL JONES,

      Defendant.

_____/

ORDER ADOPTING AND AFFIRMING
REPORT AND RECOMMENDATION [ECF NO. 67]
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO SUPPRESS [ECF NO. 17]

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Lauren F. Louis [ECF No. 67] ("R&R"), recommending that the Court grant in part and deny in part Defendant, Brent Michael Jones's ("Defendant"), Motion to Suppress [ECF No. 17] ("Motion to Suppress"). The Government and Defendant filed timely objections. [ECF Nos. 77 and 81]. The Government filed a Response to Defendant's Objections. [ECF No. 89]. The matter is now ripe for review.

THE COURT has reviewed the Motion to Suppress, the R&R, the Objections and Response thereto, the pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. For the reasons set forth below, the Court adopts those parts of the R&R that have not been rendered moot based on subsequent agreement of the parties and grants in part and denies in part the Motion to Suppress.

## I.   BACKGROUND

Defendant is charged by Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [ECF No. 1]. The felon-in-

possession charge stems from a traffic stop of a suspected stolen vehicle that was driven by Defendant and the subsequent discovery of a firearm in that vehicle.[1]

On January 12, 2024, Defendant filed the Motion to Suppress seeking to suppress his statements made during and at the scene of his arrest and during the subsequent interrogation, as well as derivative evidence collected from his cellphone pursuant to a search warrant. The Court referred the Motion to the Honorable Lauren F. Louis, United States Magistrate Judge, who held an evidentiary hearing on the Motion on March 15, 2024. *See* ECF No. 47. At the hearing, Magistrate Judge Louis heard the testimony of Detectives Anthony Yarusso and Leon Paige of the Miami Beach Police Department and reviewed body-worn camera audio and video footage of Defendant's arrest, as well as audio and video footage of Defendant's custodial interrogation. On June 3, 2024, Magistrate Judge Louis issued the R&R recommending that the Motion to Suppress be granted in part and denied in part. [ECF No. 67].

The United States and the Defendant filed objections to the R&R which are now ripe for consideration.

## II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort*

---

[1] A more extensive recitation of the background facts is contained in the R&R. *See* ECF No. 67 at 2–8.

*v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

A party's objections are improper, however, if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III.    DISCUSSION

#### A.  The R&R And Defendant's Objections

In the R&R, Magistrate Judge Louis recommends that Defendant's Motion to Suppress be granted to the extent Defendant seeks to preclude admission of pre-*Miranda* statements as well as evidence obtained from Defendant's cellphone pursuant to a search

warrant for that cellphone. Magistrate Judge Louis recommends the Motion be denied with respect to Defendant's post-*Miranda* statements on grounds, generally, that the post-*Miranda* statements were voluntary.

The parties do not object to the findings of fact set forth in the R&R. The Government indicates that it no longer intends to introduce Defendant's *pre*-Miranda statements made during and at the scene of his arrest, and, therefore, that portion of the Motion to Suppress is rendered moot. [ECF No. 77]. As noted in the R&R, after additional body-worn camera footage was released, the Government also agreed not to introduce evidence obtained from the search of the cell phone pursuant to a search warrant and, therefore, the Motion to Suppress is also moot with respect to the evidence obtained from Defendant's cellphone. As two of the three issues in the Motion to Suppress have been rendered moot, the issue that remains to be addressed is the admissibility of Defendant's post-*Miranda* statements.

Defendant objects to Magistrate Judge Louis's conclusion that Defendant's post-*Miranda* statements were voluntarily made and, therefore, admissible. [ECF No. 81 at 3]. Specifically, Defendant avers that the Magistrate Judge's finding that his pre-*Miranda* statements were not spontaneous and were involuntary and the result of custodial interrogation without *Miranda* warnings "necessitates a finding that his post-*Miranda* statement was not voluntary." *Id.* In support of this contention, Defendant relies, generally, on Magistrate Judge Louis's findings regarding the violent nature of Defendant's arrest and that, during Defendant's arrest, one of the detectives promised Defendant the "quickest way of getting home" was to provide information to law enforcement.

### B. *Applicable Law*

When law enforcement officers conduct a custodial interrogation of a suspect without the benefit of *Miranda* warnings, there is a presumption that the suspect's statements are compelled. *See Arizona v. Roberson*, 486 U.S. 675, 681 (1988) ("[T]he prophylactic protections that the *Miranda* warnings provide [are] to counteract the inherently compelling pressures of custodial interrogation." (internal quotation marks omitted)). However, "[a] subsequent administration of *Miranda* warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement." *Oregon v. Elstad,* 470 U.S. 298, 314 (1985). As such, the admissibility of any subsequent statement turns on whether, under the totality of the circumstances, the subsequent statement was knowingly and voluntarily made. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *see also United States v. Gonzalez–Lauzan*, 437 F.3d 1128, 1134 (11th Cir. 2006).

When looking at the totality of the circumstances, courts consider "the defendant's intelligence, the length of his detention, the nature of the interrogation, the use of any physical force against him, or the use of any promises or inducements by police." *Hubbard v. Haley,* 317 F.3d 1245, 1253 (11th Cir. 2003). There is a presumption that, "[o]nce warned, the suspect is free to exercise his own volition in deciding whether or not to make a statement to the authorities." *Gonzalez–Lauzan*, 437 F.3d at 1133 (internal quotation marks omitted).

### C.   Whether Defendant's Post-Miranda Statements Were Knowingly And Voluntarily Made.

With regard to the post-*Miranda* statements, Magistrate Judge Louis found that Defendant's inculpatory statements were made after Defendant intelligently, knowingly, and voluntarily waived his *Miranda* rights and without any promises or assurances made to persuade him to make the statements and are, therefore, admissible at trial. Specifically, Magistrate Judge Louis found that prior to obtaining a *Miranda* waiver from Defendant, "Detective Yarusso first determined that Defendant was lucid and capable of understanding his rights by asking his level of education and whether he could read and write." R&R at 17. Detective Yarusso then "read the rights aloud to Defendant, and subsequently reviewed each right, which Defendant acknowledged and initialed." *Id.*

Magistrate Judge Louis rejected Defendant's argument that the violent circumstances of his arrest earlier in the evening, coupled with Defendant's post-traumatic stress disorder and the promises made by Detective Paige during the arrest, rendered Defendant's inculpatory statements involuntary, notwithstanding his later *Miranda* waiver. In doing so, Magistrate Judge Louis considered the factors outlined by the plurality in *Missouri v. Seibert*, 542 U.S. 600, 615 (2000), and discussed by the Eleventh Circuit in *United States v. Gonzalez-Lauzan*, 437 F.3d 1128, 1135–38 (11th Cir. 2006), and found that (1) Defendant's pre-*Miranda* interaction with Detective Yarusso "was extremely brief, limited to a question" regarding whether Defendant had committed any felonies and (2) "the complete interrogation of Defendant that followed the warnings bore little resemblance to his prewarning statement." *See* R&R at 16–17. Magistrate Judge Louis pointed out that "the two interactions also took place in different locations, and with approximately a two-hour

gap between them." *Id.* at 17. Given the totality of the circumstances, Magistrate Judge Louis concluded "the evidence does not support Defendant's characterization of the interrogation as comparable to the two-step questioning prohibited by *Seibert*." *Id.*

As further detailed in the R&R, Defendant's post-*Miranda* statements, unlike the pre-*Miranda* statements made at the arrest scene, were "calm" and "without any promises of leniency." *Id.* at 18–19. The interrogation was conducted two hours after the arrest in a "well-lit office environment," and Defendant was "very responsive to Detective Yarusso's questions and provided information without much prompting from Detective Yarusso." *Id.* at 19.

This Court has conducted a *de novo* review of Defendant's objections and the record in this case and finds no clear error with Magistrate Judge Louis's thorough, well-reasoned analysis and conclusions. This Court also concludes that Defendant's waiver of his *Miranda* rights was voluntary and constitutionally valid. Therefore, this Court agrees with Magistrate Judge Louis that Defendant's post-*Miranda* statements should not be suppressed.[2]

## IV.   CONCLUSION

For the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that the R&R [ECF No. 67] is **AFFIRMED AND ADOPTED** with respect to the admissibility of Defendant's post-*Miranda* statements, Defendant's Objections [ECF No. 81] are **OVERRULED**, and the Motion to Suppress as to

---

[2] The United States has agreed not to offer Defendant's post-*Miranda* statements regarding machine guns made after suggestions from Detectives that Defendant might be able to reduce his punishment by providing such information, and, therefore, those post-*Miranda* statements are not at issue here.

post-*Miranda* statements [ECF No. 17] is **DENIED**. The Motion to Suppress is otherwise

**GRANTED** or **DENIED AS MOOT** as specifically set forth above and in the R&R.

      **DONE AND ORDERED** in Chambers in the Southern District of Florida, this 19th

day of July, 2024.

                                    **MELISSA DAMIAN**
                                    **UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record